# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4147 | **DATE** | 7/15/2010 |
| **CASE TITLE** | Bilek vs. American Home Mortgage Servicing | | |

**DOCKET ENTRY TEXT**

Bank of America's motion to dismiss [51] is denied. Bank of America must answer the complaint on or before 7/30/10.

■ [ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On February 25, 2010, Plaintiffs Christopher and Mary Bilek ("Plaintiffs") filed the present Second Amended Complaint against various Defendants, including Bank of America, N.A. ("BOA"), in violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, and state law. *See* 28 U.S.C. § 1367(a). Before the Court is BOA's motion to dismiss Plaintiffs' breach of contract and negligence claims as alleged in Counts II and III of the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court denies BOA's motion to dismiss.

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957)). Rule 8(a)(2) "reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514, 122 S. Ct. 992, 152 L.Ed.2d 1 (2002)).

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Under the federal notice pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L.Ed.2d 1081 (2007); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (court construes complaint in light most favorable to plaintiff drawing all reasonable inferences in his favor). In determining a Rule 12(b)(6) motion, courts may consider exhibits attached to the pleadings if the complaint refers to the document at issue or if the document is central to the plaintiff's claims. *See McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006); Fed.R.Civ.P. 10(c).

## BACKGROUND

On December 21, 2005, Plaintiffs took out an adjustable rate note and mortgage (hereinafter "Mortgage") secured by the property located on West Victory Lane, Watseka, Illinois (the "Property") with American Home Mortgage Acceptance, Inc. ("American Home"), who is no longer a Defendant in this lawsuit. (R. 49-1, Second Am. Compl. ¶ 14.) Plaintiffs maintain that shortly after American Home started servicing the Mortgage, Plaintiffs experienced a variety of servicing errors. (*Id.* ¶ 17.) More specifically, Plaintiffs allege that American Home sent them notices that they had failed to pay their property hazard insurance even though the Mortgage had an insurance escrow so that American Home would pay the insurance premiums. (*Id.* ¶¶ 16, 25-31.) In addition, Plaintiffs allege that American Home erroneously charged them late fees and misreported the Mortgage as delinquent. (*Id.* ¶¶ 19, 20.)

On January 4, 2008, Countrywide, another named Defendant to this lawsuit, started servicing the Mortgage. (*Id.* ¶ 49.) Plaintiffs allege that "[w]hen the loan relating to the Watseka property was sold to Countrywide, Countrywide informed plaintiffs that the principal balanced increased by $10,000.00 and Countrywide had force placed insurance on the property." (*Id.* ¶ 82.) Countrywide also sent Plaintiffs a letter dated January 7, 2008 declaring that the Mortgage was in default. (*Id.* ¶ 50.) Plaintiffs allege that "Countrywide breached the contract by not correcting the loan to allow plaintiffs to make their monthly payments, increasing the principal balance and forced place insurance on the property." (*Id.* ¶ 83.)

Sometime after 2008, BOA notified Plaintiffs that it would be taking over the servicing of the Mortgage. (*Id.* ¶ 54.) On September 17, 2009, Plaintiffs sent BOA a letter requesting that it correct the amount of the Mortgage and also sent BOA a copy of their original complaint in this lawsuit to illustrate the servicing errors that caused the default. (*Id.* ¶ 55.) On September 25, 2009, Plaintiffs sent BOA a facsimile stating that they had sold the Property's taxes. (*Id.* ¶ 56.) Plaintiffs allege that BOA did not substantively respond to their letters and faxes. (*Id.* ¶ 57.) Furthermore, Plaintiffs allege that BOA had a duty to act reasonably in servicing the Mortgage, yet failed to do so by not correcting the loan, allowing payments to resume, and removing the force placed insurance. (*Id.* ¶¶ 87, 88.)

# ANALYSIS[1]

## I. Breach of Contract Claim – Count II

Plaintiffs allege that BOA breached the December 2005 Mortgage by force placing insurance on the Property because there was an insurance escrow to pay for the required insurance. (*See* Second Am. Compl. ¶ 81.) "Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Reger Dev., LLC v. National City Bank,* 592 F.3d 759, 764 (7th Cir. 2010) (quoting *W.W. Vincent & Co. v. First Colony Life Ins. Co.,* 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 967 (2004)). Meanwhile, Illinois courts "construe contracts by giving their unambiguous terms clear and ordinary meaning, in an effort to determine the parties' intent." *Reger,* 592 F.3d at 764 (internal citation omitted); *see also Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010). In construing contracts under Illinois law, courts look to the contract as a whole. *See Reger,* 592 F.3d at 764; *Curia v. Nelson,* 587 F.3d 824, 829 (7th Cir. 2009).

At issue in this motion is the Mortgage's plain language that: "If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense." (R. 52-2, Ex. B, Mortgage, at 6, ¶ 5.) Here, BOA argues that it did not breach the Mortgage by force placing insurance because Plaintiffs failed to maintain the relevant insurance on the Property. In their Second Amended Complaint, however, Plaintiffs unequivocally allege that the Mortgage had an insurance escrow so that the servicer could pay the insurance premiums. (Second Am. Compl. ¶¶ 16, 26, 32, 35.) Construing these allegations and all inferences in Plaintiffs' favor, Plaintiffs have sufficiently alleged that BOA breached the Mortgage by force placing the insurance. Whether the Mortgage actually had an insurance escrow or whether Plaintiffs maintained insurance on the Property as required by the Mortgage is a question of fact best left for summary judgment.

Accordingly, Plaintiffs have sufficiently alleged their breach of contract claim against BOA based on BOA's force placing insurance on the Property because Plaintiffs put BOA on notice of their claim and the grounds upon which it rests. *See Twombly,* 550 U.S. at 555; *Conley,* 355 U.S. at 47. In sum, Plaintiffs' breach of contract claim is plausible on its face because the Court could draw the reasonable inference that BOA is liable for this alleged misconduct. *See Iqbal*, 129 S.Ct. at 1940. Finally, this is a straight-forward breach of contract claim, and thus the amount of factual allegations are sufficient to state a plausible claim for relief. *See Cooney v. Rossiter,* 583 F.3d 967, 971 (7th Cir. 2009) (amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). Therefore, the Court denies BOA's motion to dismiss Count II of the Second Amended Complaint.[2]

---

[1] The parties do not dispute that Illinois law governs the Court's analysis.

[2] Plaintiffs' argument that they have sufficiently alleged a breach of contract claim against BOA based on its rejection of their monthly payments and the $10,000 increase of the principal balance is belied by the fact that Plaintiffs make no mention of BOA in the context of these allegations, but instead allege that Countrywide breached the Mortgage as such. (*See* Second Am. Compl. ¶¶ 82, 83.)

## II.     Negligence Claim – Count III

Next, BOA argues that Plaintiffs have failed to properly allege a negligence claim under Illinois law because they seek purely economic damages which are barred by the economic loss doctrine under *Moorman Mfg. Co. v. National Tank Co.,* 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443 (1982).  In *Moorman*, the Supreme Court of Illinois held that "[t]ort theory is appropriately suited for personal injury or property damage resulting from a sudden or dangerous occurrence," whereas, the "remedy for economic loss ... lies in contract." *Id.* at 96. In other words, the economic loss doctrine bars purely economic losses because "[c]ontract law provides the proper remedy for disappointed commercial expectations." *American United Logistics, Inc. v. Catellus Dev. Corp.,* 319 F.3d 921, 926 (7th Cir. 2003).  "The economic loss doctrine was established because the courts recognized that tort law afforded a remedy for losses occasioned by personal injuries or property damage and was not intended to compensate parties for monetary losses suffered as a result of duties which were owed to them simply as a result of a contract." *Westfield Ins. Co. v. Birkey's Farm Store, Inc.,* 399 Ill.App.3d 219, 231, 338 Ill.Dec. 705, 924 N.E.2d 1231 (2010).  Nevertheless, "[w]here a duty arises outside of the contract, the economic loss doctrine does not prohibit recovery in tort for the negligent breach of that duty." *Congregation of the Passion v. Touche Ross & Co.,* 159 Ill.2d 137, 162, 201 Ill.Dec. 71, 636 N.E.2d 503, 514 (1994).

Here, Plaintiffs maintain that the economic loss doctrine does not bar their negligence claim because "[m]ortgage contracts carry with them an implied duty of professional competence 'analogous to the way the duty of good faith and fair dealing is imputed as a term of the contract.'" *Ploog v. Homeside Lending, Inc.,* 209 F.Supp.2d 863, 875 (N.D. Ill. 2002) (citation omitted); *see also Mutual Serv. Cas. Ins. Co. v. Elizabeth State Bank,* 265 F.3d 601, 617 (7th Cir. 2001) ("recent cases from the Illinois Supreme Court suggest that a claim for economic loss may be pursued in tort as well as contract where, as here, the claim is founded on a duty of care that the law imposed on the defendant irrespective of the terms of the contract.").  Moreover, some courts "have held that mismanagement of an escrow may give rise to a cause of action for a breach of fiduciary duty." *Choi v. Chase Manhattan Mortgage Co.,* 63 F.Supp.2d 874, 885 (N.D. Ill. 1999) (collecting cases).  As the Seventh Circuit explains, the Supreme Court of Illinois' rationale in *Congregation of the Passion* "suggests that a bank's failure to observe ordinary care in handling its customer's transactions may support a tort claim notwithstanding *Moorman*'s commercial loss doctrine.  As with attorneys and accountants, the law has long imposed on banks a duty of reasonable care." *Mutual Serv.,* 265 F.3d at 618.

Accordingly, BOA had a duty of care in servicing the Mortgage outside of the contract's obligations, and thus Plaintiffs' negligence claim is not barred by the economic loss doctrine.  Moreover, Plaintiffs have sufficiently alleged their negligence claim by stating that BOA had a duty to act reasonably in handling and servicing the mortgage, yet failed to do so.  (*See* Second Am. Compl. ¶¶ 87, 88.)  Because Plaintiffs' factual allegations "raise a right to relief above the speculative level," *see Twombly,* 550 U.S. at 555, and are plausible on their face, *see Iqbal*, 129 S.Ct. at 1940, the Court denies BOA's motion to dismiss Count III of the Second Amended Complaint.