# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4147 | **DATE** | 8/9/2010 |
| **CASE TITLE** | Bilek vs. American Home Mortgage Servicing | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiffs' motion to take an additional Rule 30(b)(6) deposition [118], but declines to order BOA to pay the costs for this additional deposition. This additional Rule 30(b)(6) deposition must take place by no later than 8/30/10. Dispositive motions with supporting memorandum are due by no later than 9/30/10. Status hearing set for 8/19/10 is stricken and reset to 10/5/10 at 8:30 a.m.

■[ For further details see text below.]                    Notices mailed by Judicial staff.

## STATEMENT

On February 25, 2010, Plaintiffs Christopher and Mary Bilek ("Plaintiffs") filed a Second Amended Complaint against various Defendants, including Bank of America, N.A. ("BOA"), for violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.*, as well as state law negligence and breach of contract claims. Before the Court is Plaintiffs' motion to compel BOA to re-take a Federal Rule of Civil Procedure 30(b)(6) deposition and pay for the costs associated with this deposition. For the following reasons, the Court grants Plaintiffs' motion to take an additional Rule 30(b)(6) deposition, but declines to order BOA to pay the costs for this additional deposition. This additional Rule 30(b)(6) deposition must take place by no later than August 30, 2010. Dispositive motions with supporting memorandum are due by no later than September 30, 2010.

### BACKGROUND

On December 21, 2005, Plaintiffs took out an adjustable rate note and mortgage (hereinafter "Mortgage") secured by the property located on West Victory Lane, Watseka, Illinois (the "Property") with American Home Mortgage Acceptance, Inc. ("American Home"). Plaintiffs maintain that shortly after American Home started servicing the Mortgage, Plaintiffs experienced a variety of servicing errors. More specifically, Plaintiffs allege that American Home sent them notices that they had failed to pay their property hazard insurance even though the Mortgage had an insurance escrow so that American Home would pay the insurance premiums. Also, Plaintiffs allege that American Home erroneously charged them late fees and misreported the Mortgage as delinquent.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On January 4, 2008, Countrywide started servicing the Mortgage. Plaintiffs allege that "[w]hen the loan

relating to the Watseka property was sold to Countrywide, Countrywide informed plaintiffs that the principal balanced increased by $10,000.00 and Countrywide had force placed insurance on the property." Also, Countrywide sent Plaintiffs a letter dated January 7, 2008 declaring that the Mortgage was in default. Plaintiffs allege that "Countrywide breached the contract by not correcting the loan to allow plaintiffs to make their monthly payments, increasing the principal balance and forced place insurance on the property."

Sometime after 2008, BOA notified Plaintiffs that it would start servicing the Mortgage. On September 17, 2009, Plaintiffs sent BOA a letter requesting that it correct the amount of the Mortgage and also sent BOA a copy of their original complaint in this lawsuit to illustrate the servicing errors that caused the default. Plaintiffs allege that BOA had a duty to act reasonably in servicing the Mortgage, yet failed to do so by not correcting the loan, allowing payments to resume, and removing the force placed insurance.

On July 23, 2010, Plaintiffs sent a notice of a Rule 30(b)(6) deposition to BOA to depose the "[p]erson(s) most knowledgeable who can testify to the Bileks' loan account, including any correspondence and/or default, that is the subject of this lawsuit pursuant to Rule 30(b)(6)." Thereafter, Plaintiffs deposed Newsha Fardmenash, BOA's designated Rule 30(b)(6) witness. During her deposition, Fardmenash did not know the answer to certain questions about the documents produced by BOA. Fardmenash, for example, could not answer Plaintiffs' questions regarding the meaning of terms used in entries specifically responding to correspondence sent by the Bileks and which the Bileks contend are qualified written requests pursuant to RESPA, such as "counselor code 88," "credit block," "backup received," "research complete," "fcl," "aging and compliance" and "a 10-day no contact letter." Fardmenash also could not explain how a customer service representative would know whether there was an escrow account in place when responding to a borrower's correspondence that there was an escrow account in place with a predecessor servicer.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 30(b)(6), "[t]he persons designated must testify about information known or reasonably available to the organization." In particular, Rule 30(b)(6) requires a company: "(1) to appoint someone it has control over, such as an employee, or a consenting individual, whom the company has prepared to answer questions relating to the information sought by the deposing party; (2) where one person is not capable of answering all related questions, a corporation must appoint as many individuals as necessary to complete the relevant inquiry; and (3) regardless of how many representatives are appointed, the company must apply good faith principles in its efforts to make a designation." *Wachovia Sec., LLC v. NOLA, LLC,* 248 F.R.D. 544, 548-49 (N.D. Ill. 2008).

## ANALYSIS

In response to Plaintiffs' motion, BOA contends that it provided a witness with the most knowledge of the Bilek's loan account, and thus it has fulfilled its duty under Rule 30(b)(6). Fardmenash, however, was unable to explain basic terms on a report BOA produced during discovery. Accordingly, BOA failed in its duty to provide a witness with the requisite knowledge to explain a relevant document directly pertaining the Plaintiffs' claims as alleged in their Second Amended Complaint. Because Fardmenash could not answer many of the relevant questions, Rule 30(b)(6) requires BOA to provide another individual to complete the relevant inquiry. *See Wachovia,* 248 F.R.D. at 549.

That being said, Plaintiffs' counsel cannot ask BOA's Rule 30(b)(6) witness to offer legal conclusions or testify to subjects outside of the scope of the Rule 30(b)(6) notice. Finally, because Plaintiffs fail to sufficiently explain why BOA should pay for the costs of the additional Rule 30(b)(6) deposition, the Court declines to grant Plaintiffs' request.