Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 4147 | **DATE** | 8/19/2010 |
| **CASE TITLE** | Bilek et al vs. American Home Mortgage Servicing | | |

**DOCKET ENTRY TEXT**

The Court, in its discretion, denies Plaintiffs' motion for reconsideration [134]. Plaintiffs' response to AHMSI's fee petition is due on or before 8/23/10. No appearance is required on the 8/26/10 notice date.

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

On February 25, 2010, Plaintiffs Christopher and Mary Bilek ("Plaintiffs") filed a Second Amended Complaint against various Defendants, including American Home Mortgage Servicing Inc. ("AHMSI"), for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* On July 15, 2010, the Court granted AHMSI's motion to compel interrogatories pursuant to Federal Rule of Civil Procedure 37(a). On August 10, 2010, the Court granted AHMSI's motion for reasonable fees and expenses in relation to the motion to compel pursuant to Rule 37(a)(5)(A). Before the Court is Plaintiffs' motion for reconsideration of the August 10, 2010 minute order granting AHMSI's motion for fees. For the following reasons, the Court, in its discretion, denies Plaintiffs' motion. Plaintiffs' response to AHMSI's fee petition is due on or before August 23, 2010.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## LEGAL STANDARD

Because the Court's August 10, 2010 minute order granting AHMSI attorney's fees motion did not dispose of this case in its entirety, the Court reviews Plaintiffs' motion for reconsideration under Federal Rule of Civil Procedure 54(b), which states in relevant part:

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders because such orders may be revised at any time before the Court enters a final judgment. *See Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable"). Motions for reconsideration under Rule 54(b) serve the limited function of correcting manifest errors of law or fact. *See Rothwell Cotton Co. v. Rosenthal & Co.,* 827 F.2d 246, 251 (7th Cir. 1987); *Zurich Capital Mkt., Inc. v. Coglianese,* 383 F.Supp.2d 1041, 1045 (N.D. Ill. 2005). "A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

## ANALYSIS

Pursuant to Fed.R.Civ.P. 37(a)(5)(A), if a district court grants a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion ... to pay the movant's reasonable expenses incurred in making the motion, including the attorney's fees." Courts, however, will not award reasonable expenses and fees if "the movant filed the motion before attempting in good faith to obtain the ...discovery without court action." Fed.R.Civ.P. 37(a)(5)(A)(i).

In the present motion for reconsideration, Plaintiffs maintain that the Court misunderstood their argument that AHMSI did not act in good faith in bringing its motion to compel. Plaintiffs specifically argue that AHMSI's motion to compel was not brought in good faith because "AHMSI never once followed up on its June 15, 2010 e-mail requesting supplementation." (R. 134-1, Mot. Reconsider., at 4.) Not only do Plaintiffs fail to substantiate this argument with any legal authority, they failed to articulate this argument in their response to AHMSI's motion for fees. Further, when the Court initially raised the issue of sanctions with Plaintiffs' counsel in open court, Plaintiffs' counsel had no cogent response. It is well-established that motions for reconsideration do "not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior" to the district court's ruling. *Moro v. Shell Oil Co.,* 91 F.3d 872, 876 (7th Cir. 1996). Moreover, Plaintiffs do not argue, let alone establish, that the Court committed a manifest error of fact or law. *See Hicks v. Midwest Transit, Inc.,* 531 F.3d 467, 474 (7th Cir. 2008); *Oto,* 224 F.3d at 606. Accordingly, the Court, in its discretion, denies Plaintiffs' motion for reconsideration. Plaintiffs' response to AHMSI's fee petition is due on or before August 23, 2010.