IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER BILEK and MARY BILEK, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 07 C 4147 ) ) |
| BANK OF AMERICA, N.A., for itself and as successor to COUNTRYWIDE BANK FSP and COUNTRYWIDE HOME LOANS SERVICING, L.P., REAL TIME RESOLUTIONS, INC., and AMERICAN HOME MORTGAGE SERVICING, INC., | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On February 25, 2010, Plaintiffs Christopher and Mary Bilek (the "Bileks") filed the present eight-count Second Amended Complaint against various Defendants, including Bank of America, N.A. ("BOA"), on its own and as the successor-in-interest to Countrywide Bank FSB and Countrywide Home Loans Servicing LP (collectively "Countrywide"),[1] for violating the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (Count I). Based on the Court's supplemental jurisdiction, the Bileks also allege state law claims of breach of contract (Count II) and gross negligence (Count III) against BOA and Countrywide. *See* 28 U.S.C. § 1367(a). Before the Court is BOA's Motion for Summary Judgment pursuant to

---

[1] BOA denies that it has any liability as "successor" for either named Countrywide entity, but maintains that its liability for Countrywide's alleged actions does not affect the outcome of the present motion because the Bileks cannot prove any claims against BOA or Countrywide as a matter of law.

Federal Rule of Civil Procedure 56.[2] For the following reasons, the Court grants in part and denies in part BOA's motion. Specifically, the Court grants BOA's motion as to the Bileks' breach of contract and gross negligence claims as alleged in Counts II and III of the Second Amended Complaint, but denies BOA's motion in regard to the Bileks' RESPA claim as alleged in Count I.

## BACKGROUND

### I. Northern District of Illinois Local Rule 56.1

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

---

[2] The Court will address American Home Mortgage Servicing, Inc.'s Motion for Summary Judgment (R. 151), Motion for Sanctions (R. 155), and Motion to Strike the Affidavit of Keith Keogh (R. 189), as well as the Bileks' Motion to Strike Certain Exhibits (R. 170), in a separate order.

Accordingly, pursuant to the Local Rules, the Court will not consider any additional facts proposed by the Bileks in their Local Rule 56.1(b)(3)(B) Response, but instead must rely on their Local Rule 56.1(b)(3)(C) Statement of Additional Facts when making factual determinations. *See id.* at 643; *see also Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809 (7th Cir. 2005) ("Local Rule 56.1 *requires specifically* that a litigant seeking to oppose a motion for summary judgment file a response that contains a separate 'statement ... of any additional facts that require the denial of summary judgment.'") (emphasis in original). Likewise, the Court will not consider any additional facts BOA sets forth in its responses to the Bileks' Local Rule 56.1(b)(3)(C) Statement of Additional Facts, especially because the Bileks have had no opportunity to respond. *See Ciomber,* 527 F.3d at 643 ("court does not abuse its discretion when it opts to disregard facts presented in a manner that does follow the Rule's instructions").

Meanwhile, the purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). Also, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon,* 401 F.3d at 809-10; *see also Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006) ("district courts are entitled to expect strict compliance with Local Rule 56.1"). With these standards in mind, the Court turns to the relevant facts of this case.

## II.     Relevant Facts

In 2004, the Bileks purchased real property located on West Victory Lane in Watseka,

3

Illinois ("Watseka Property"). (R. 158, Defs.' Rule 56.1 Stmt. Facts ¶ 5.) On or about December 21, 2005, the Bileks obtained a mortgage loan from American Home Mortgage Acceptance ("Loan") secured by the Watseka Property. (*Id*. ¶ 17.) According to the mortgage instrument securing the Loan ("Mortgage"), the Bileks had the responsibility to maintain insurance on the Watseka Property as to certain hazards in amounts required by the Lender. (*Id*. ¶ 18.) The Mortgage further provided that "[i]f Borrower fails to maintain [insurance coverage], Lender may obtain insurance coverage, at Lender's option and borrower expense." (*Id.* ¶ 19.)

Subsequent to the origination of their Loan, the Bileks claim that they experienced a variety of mortgage servicing errors at the hands of American Home Mortgage Servicing, Inc. ("AHMSI"), including a dispute between AHMSI and the Bileks as to who was responsible for making flood insurance payments. (*Id*. ¶ 20; R. 164, Pls.' Rule 56.1 Stmt. Add'l Facts. ¶ 13.) The parties do not dispute that the Watseka Property's flood insurance lapsed in October 2007. (Defs.' Stmt. Facts ¶ 21.) Also, Mary Bilek contends that it was AHMSI, not Countrywide or BOA, that was responsible for the lapsing of the flood insurance. (*Id.* ¶ 26.) Meanwhile, on January 1, 2008, Countrywide began servicing the Loan and Mary Bilek admitted that there was no flood insurance on the Watseka Property at that time. (*Id*. ¶¶ 22, 23.)

On January 8, 2008, Countrywide sent a letter to the Bileks that it intended to force place flood insurance on the Watseka Property. (Pls.' Stmt. Add'l Facts. ¶ 13.) In response, on January 10, 2008, Christopher Bilek sent a letter to Countrywide explaining that AHMSI had established an insurance escrow account. (*Id*. ¶ 14.) On January 15, 2008, Christopher Bilek sent another letter to Countrywide attaching checks cashed by AHMSI. (*Id.* ¶ 15.) Also, on August 17, 2009, after BOA started servicing the Loan, Christopher Bilek sent BOA a letter

4

asking BOA to fix his loan status as not delinquent explaining that AHMSI had made numerous servicing errors on the loan. (*Id.* ¶ 40.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed.R.Civ.P. 56(e)(2) (requiring adverse party to "set out specific facts").

## ANALYSIS

### I. RESPA Claim – Count I

In Count I of their Second Amended Complaint, the Bileks allege that BOA and Countrywide violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* "RESPA is a consumer protection statute that regulates the real estate settlement process,

including servicing of loans and assignment of those loans." *Catalan v. GMAC Mortgage Corp.*, ___ F.3d ___, 2011 WL 61627, at *1 (7th Cir. Jan. 10, 2011). "The statute imposes a number of duties on lenders and loan servicers" including that "loan servicers respond promptly to borrowers' written requests for information." *Id.* (citing 12 U.S.C. § 2605(e).) As the Seventh Circuit explains:

> [I]t takes a "qualified written request" to trigger the loan servicer's duties under RESPA to acknowledge and respond. The statute defines a qualified written request as written correspondence (other than notices on a payment coupon or similar documents) from the borrower or her agent that requests information or states reasons for the borrower's belief that the account is in error. 12 U.S.C. § 2605(e)(1)(B). To qualify, the written request must also include the name and account of the borrower or must enable the servicer to identify them.

*Id.*; 12 U.S.C. § 2605(e)(1)(B).

The Bileks base their RESPA claim on: (1) the January 10, 2008 letter that Christopher Bilek sent to Countrywide explaining that AHMSI had established an insurance escrow account; (2) the January 15, 2008 letter Christopher Bilek sent to Countrywide to which he attached certain checks cashed by AHMSI; and (3) the August 17, 2009 letter Christopher Bilek sent BOA asking that BOA fix his loan status as not delinquent explaining that AHMSI had made numerous servicing errors.

BOA does not dispute that these letters constitute "qualified written requests" nor does BOA argue that it properly responded to the Bileks' letters as required under 12 U.S.C. § 2605(e)(2)(A)-(C). *See Catalan*, ___ F.3d ___, 2011 WL 61627, at *1. Instead, BOA argues that the Bileks have not established that they suffered actual damages as a result of the alleged RESPA violations. To clarify, RESPA allows for damages in the amount equal to the sum of:

(A) any actual damages to the borrower as a result of the failure; and

(B) any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

12 U.S.C. § 2605(f)(1). Because the Bileks do not argue that BOA engaged in a pattern or practice of noncompliance, to prevail on their RESPA claim they must show actual damages. *See Catalan,* ___ F.3d ___, 2011 WL 61627, at *14.

The parties do not dispute that RESPA allows for emotional damages. *See Johnstone v. Bank of America, N.A.,* 173 F.Supp.2d 816-17 (N.D. Ill. 2001); *see also Catalan*, ___ F.3d ___, 2011 WL 61627, at *17. Instead, BOA maintains that the Bileks have failed to present evidence that they suffered any emotional damages due to BOA's and Countrywide's conduct. To the contrary, the Bileks have set forth evidence raising a genuine issue of material fact for trial that Mary Bilek was hospitalized for anxiety and depression. (Pls.' Stmt. Add'l Facts ¶ 30.) Further, Mary Bilek testified that 98% of her depression stemmed from the Bilek's mortgage issues. (*Id.* ¶ 31.) BOA's attempt to parse out the cause of Mary Bilek's depression between her mortgage problems concerning her home in Bridgeview, Illinois and the mortgage problems on the Watseka Property fails, especially because there is evidence in the record that Mary Bilek feared losing the Watseka Property along with her primary residence. (*Id.* ¶ 34.) Based on this evidence, the issue of whether the Bileks suffered actual damages from BOA's and Countrywide's servicing of the Watseka Property Mortgage is best left for the jury to decide.[3]

Furthermore, the Court rejects BOA's argument that RESPA does not cover the Watseka

---

[3] In response to BOA's summary judgment motion, the Bileks also argue that they have suffered monetary losses, including the amount of time they have spent on resolving their mortgage issues. The Bileks' argument is undeveloped and fails to cite supporting legal authority. BOA's argument in response fares no better. Without more, the Court cannot make a determination concerning this damages argument.

Property Loan – because viewing the evidence and all reasonable inferences in the Bileks' favor – they have presented sufficient evidence raising a genuine issue of material fact that the Watseka Property was their vacation home, and thus the Loan involved a personal, consumer transaction. (*See* Pls.' Stmt. Add'l Facts ¶¶ 18, 19, 22, 24).[4] In other words, the Bileks have raised a genuine issue of material fact that the Watseka Property was not a rental property used for business purposes as BOA argues. *See* 12 U.S.C. § 2606(a)(1) (RESPA "does not apply to credit transactions involving extensions of credit ... primarily for business, commercial, or agricultural purposes"). Therefore, the Court denies BOA's summary judgment motion as to the Bileks' RESPA claim.

## II.     Breach of Contract Claim – Count II

In Count II of their Second Amended Complaint, the Bileks allege a breach of contract claim against Countrywide and BOA based on the force placed flood insurance on the Watseka Property. The parties agree that Illinois law governs this state law claim. To established a breach of contract claim under Illinois law, a plaintiff must establish: (1) the existence of a valid and enforceable contract; (2) plaintiff's substantial performance; (3) defendant's breach; and (4) damages. *See Reger Dev., LLC v. National City Bank,* 592 F.3d 759, 764 (7th Cir. 2010). Illinois courts "construe contracts by giving their unambiguous terms clear and ordinary meaning, in an effort to determine the parties' intent." *Id.* (internal citation omitted); *see also*

---

[4] BOA objects to certain statements made by Mary Bilek as "self-serving" testimony. Most testimony is self-serving, but this "does not permit a district judge to denigrate a plaintiff's evidence when deciding whether a material dispute requires trial." *Wilson v. McRae's, Inc.,* 413 F.3d 692, 694 (7th Cir. 2005); *see also Catalan,* ___ F.3d ___, 2011 WL 61627, at *17. Moreover, there is other evidence in the record creating a genuine issue of material fact for trial regarding the intended use of the Watseka Property, including loan documents indicating that the Watseka Property was a "second home."

*Kim v. Carter's Inc.*, 598 F.3d 362, 364 (7th Cir. 2010).

The parties do not dispute that the Mortgage unambiguously states: "If Borrower fails to maintain any of the [insurance] coverages described above, Lender may obtain insurance coverage, at Lender's option and borrower expense." (Defs.' Stmt. Facts ¶ 19; BAC000112.) It is also undisputed that in October 2007 the flood insurance lapsed for the Watseka Property and Mary Bilek admits that it was AHMSI, not Countrywide or BOA, that was responsible for the lapsing of the flood insurance. (*Id*. ¶ 26.) Further undisputed is that fact that when Countrywide began servicing the Loan on January 1, 2008, there was no flood insurance on the Watseka Property. (*Id*. ¶¶ 22, 23.) Thus, under the clear language of the Mortgage, Countrywide had the authority to force place flood insurance. Meanwhile, the Bileks stopped making mortgage payments to Countrywide well before BOA started servicing the loan in 2009. (Defs.' Stmt. Facts ¶¶ 31, 32.)

Nevertheless, the Bileks argue that the Court has previously rejected BOA's argument in ruling on BOA's motion to dismiss. To the contrary, in the previous order the Court viewed the allegations in the Bileks' favor and concluded that the Bileks had sufficiently alleged that the Mortgage had an insurance escrow account so that the servicer could pay the insurance premiums. The undisputed evidence presented at summary judgment, however, establishes that the flood insurance on the Watseka Property lapsed in October 2007 – by no fault of BOA or Countrywide – and that Mary Bilek admitted that there was no flood insurance on the Watseka Property when Countrywide started servicing the Loan in January 2008. Accordingly, by their own admissions, the Bileks have failed to demonstrate that Countrywide or BOA breached the Mortgage by force placing insurance on the Watseka Property. The Court therefore grants

9

BOA's summary judgment motion as to the Bileks' breach of contract claim as alleged in Count II of the Second Amended Complaint.

**III.    Gross Negligence Claim – Count III**

Finally, the Bileks allege that BOA and Countrywide are liable for gross negligence based on Countrywide's and BOA's failure to correct the mortgage servicing errors on the Mortgage. The Bileks' claim is foreclosed under the economic loss doctrine, *see Catalan,* ___ F.3d ___, 2011 WL 61627, at *13-14, especially because they fail to make any arguments in their response brief to support this claim. *See Gayton v. McCoy,* 593 F.3d 610, 625 (7th Cir. 2010) (plaintiff's failure to develop argument constitutes waiver). The Court therefore grants BOA's summary judgment motion as to the Bileks' gross negligence claim as alleged in Count III of the Second Amended Complaint.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part Defendant Bank of America's Summary Judgment Motion brought pursuant to Federal Rule of Civil Procedure 56.

**Date:**  January 21, 2011

                                        **ENTERED**

                                        _____
                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**